UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE E HEAD; and MICHELE J HEAD, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SIOUX FALLS; JUDGE WADE WARNTJES; CATHERINE SCHLIMGEN; JUDGE JOHN R. PEKAS; and JUDGE ROBIN HOUWMAN, <br><br> Defendants. | 4:24-CV-04175-RAL <br><br> NOTICE OF RULE 4(M) |

On September 23, 2024, Plaintiffs Bruce E. Head and Michele J. Head (collectively "the Heads") filed a pro se complaint. Doc. 1. The Heads paid the full filing fee and did not move for leave to proceed in forma pauperis. Doc. 2. Counsel has appeared on behalf of Defendants Judge Wade Warntjes, Judge John R. Pekas, and Judge Robin Houwman.[1]  Doc. 9. At this time, the

---

[1] In one of their filings, the Heads allege that Judge Pekas used his office to influence the undersigned into taking this case and that the undersigned removed Judge Pekas as a defendant and added the City of Sioux Falls. Doc. 16 at 1. The Heads have not moved for the undersigned to recuse himself from the case, but even if they had, the Heads have not met their burden of proof. See Johnson v. Steele, 999 F.3d 584, 587 (8th Cir. 2021) ("A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." (internal quotation omitted)). To determine whether a judge must disqualify himself, an objective standard is applied and asks whether the attendant circumstances raise doubt in the mind of an average person about the judge's impartiality. Id. "[C]onclusory allegations of bias or prejudice without sufficient factual support" do not meet the burden of proof. United States v. Faul, 748 F.2d 1204, 1211 (8th Cir. 1984). The Heads' unfounded and unsupported allegations do not meet their burden of providing that the undersigned judge's impartiality in this action might reasonably be questioned.

Heads have not provided proof of service of the complaint upon Defendants Catherine Schlimgen and the City of Sioux Falls.

Federal Rule of Civil Procedure 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Heads are on notice of this Court's intention to dismiss their respective claims against Schlimgen and the City of Sioux Falls without prejudice if they do not provide proof of service upon Schlimgen and the City of Sioux Falls by **February 14, 2025**. If the Heads fail to do so, the claims against Schlimgen and the City of Sioux Falls will be dismissed without prejudice pursuant to Rule 4(m), unless the Heads can show good cause for their failure to serve Schlimgen and the City of Sioux Falls.

Bruce claims that he has made prior attempts to serve Schlimgen and the City of Sioux Falls by going to the mayor's office and requesting that the city attorney take the summons. Doc. 10 at 1. He also claims that Schlimgen would not take the summons from him. Doc. 16 at 1. The Heads appear to request that this Court allow "drop service"[2] because his prior attempts at serving Schlimgen and the City of Sioux Falls were unsuccessful. Doc. 10 at 2; Doc. 15-3 at 1–2. The Heads are in effect requesting that this Court enter an advisory opinion ruling that service effected in this particular manner would be proper or provide them legal advice on how to properly serve Defendants Schlimgen and the City of Sioux Falls. Federal courts cannot enter an advisory

---

[2] The United States District Court for the Middle District of Florida noted that "[d]rop service occurs when service is properly effectuated by leaving the summons and complaint at the residence of the person to be served after said person has intentionally evaded service." Eustache Inst. LLC v. Ward Photonics, LLC, 2024 WL 4710167, at *1 (M.D. Fla. Nov. 7, 2024).

opinion, nor can they provide parties with legal advice. KCCP Trust v. City of N. Kan. City, 432 F.3d 897, 899 (8th Cir. 2005) ("Article III limits the federal courts to deciding 'Cases' and 'Controversies' and thus prohibits us from issuing advisory opinions." (citing Pub. Water Supply Dist. No. 8 v. City of Kearney, 401 F.3d 930, 932 (8th Cir. 2005))); Goodson v. Orf, 2021 WL 1253638, at *2 (E.D. Mo. Apr. 5, 2021) (collecting cases holding that federal courts cannot give pro se litigants legal advice). Thus, the Heads' requests for this Court to order that drop service would be proper service, Docs. 10 and 15-3, are denied. The Heads should comply with Rule 4 of the Federal Rules of Civil Procedure when executing service.

Accordingly, it is

ORDERED that the Heads will make proper service of the summons and complaint upon Defendants Schlimgen and the City of Sioux Falls by **February 14, 2025**, or the claims against the unserved Defendants will be dismissed without prejudice pursuant to Rule 4(m), unless the Heads can show good cause for their failure to serve Defendants Schlimgen and the City of Sioux Falls. It is further

ORDERED that the Heads' requests for this Court to order that drop service would be proper service, Docs. 10 and 15-3, are denied.

DATED January 14th, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE