UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE E HEAD, MICHELE J HEAD, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SIOUX FALLS, JUDGE WADE WARNTJES, CATHERINE SCHLIMGEN, JUDGE JOHN R. PEKAS, JUDGE ROBIN HOUWMAN, <br><br> Defendants. | 4:24-CV-04175-RAL <br><br><br> ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Relevant now, Bruce E. Head[1] is involved in two ongoing cases. One is a state court case where he is being sued for unjust enrichment by a contractor. The state court case has progressed past its trial, and Head has been found liable to the tune of almost $40,000. Findings of Fact and Conclusions of Law, Bartmann Constr., LLC v. Head, No. 49CIV16-3202 (S.D. Cir. Ct. Oct. 3, 2023). That balance remains outstanding. A receiver

---

[1] Michele J. Head is a listed plaintiff as well. That said, Bruce Head filed this motion alone. See Doc. 28 at 2–3 (introducing only himself and appending only his signature to the motion). The Court will thus treat Mr. Head as the sole movant here.

1

has since been appointed to sell Head's home to satisfy the judgment. Order and Judgment, Bartmann Constr., LLC v. Head, No. 49CIV16-3202 (S.D. Cir. Ct. July 15, 2024).

Head separately filed this action in federal court seeking damages, naming the presiding judge of his state court case as one of the defendants. Doc. 1. His allegations against the presiding judge appear largely based on the judge's rulings in that state court case. Id. at 5. This case is at the motion-to-dismiss stage; a report and recommendation should be coming soon on that matter.

Pending disposition in this federal case, the state judge has ordered that Head be evicted by February 18. Doc. 28-1. In response, Head moves pro se for this Court to enter a temporary restraining order blocking the eviction. As bases for the motion, he claims: (1) that there was an erroneous judgment in the state case, (2) that the eviction would hinder his ability to continue his defense in that case, and (3) that the judge's entering of the order violates the South Dakota Code of Judicial Conduct. Doc. 28 at 2.

The Court cannot grant Head's motion. His basis for seeking a temporary restraining order is by attacking the state court's judgment. But it is not for the federal district court to interpose into state court proceedings. See Harris v. Mo. Ct. of Appeals, 787 F.2d 427, 429 (8th Cir. 1986). Our federalist system is built on comity and mutual respect for the independence of the other's courts. To get involved then would be to ignore the foundational relationship between America's state and federal courts.

And even if the Court felt obliged to grant the temporary restraining order, its hands are tied. Known as Younger[2] abstention, federal courts must abstain "from interfering in pending state civil cases where (1) there is an ongoing state proceeding (2) that implicates important state interests and (3) there is an adequate opportunity in the state proceeding to raise the federal issues." Silverman v. Silverman, 267 F.3d 788, 792 (8th Cir. 2001). Here, all three prongs are met. Head seeks to suspend an ongoing state proceeding. If the Court involved itself in the case, it would be disrespecting the state's independent judicial functions. Head may still appeal his claim to the South Dakota Supreme Court—which has jurisdiction over the state court—and perhaps the United States Supreme Court to obtain relief. As such, the Court cannot grant the relief he seeks.

Therefore, it is

ORDERED that Plaintiff's Motion for a Temporary Restraining Order, Doc. 28, is denied.

DATED this 13th day of February, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

---

[2] Younger v. Harris, 401 U.S. 37 (1971).