UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE E HEAD, MICHELE J HEAD,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SIOUX FALLS, JUDGE WADE WARNTJES, CATHERINE SCHLIMGEN, JUDGE JOHN R. PEKAS, JUDGE ROBIN HOUWMAN,<br><br>Defendants. | 4:24-CV-04175-RAL<br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR DISCOVERY |

Plaintiffs Bruce E. Head and Michele J. Head ("the Heads") filed pro se this action against the City of Sioux Falls, City Attorney Catherine Schlimgen, and Judges Wade Warntjes, John Pekas, and Robin Houwman. The Defendants move to dismiss for failure to state a claim, Docs. 12, 22, and the Heads move for discovery, Doc. 24. This Court referred the matter to Magistrate Judge Mark A. Moreno, who issued a Report and Recommendation, Doc. 31, that the Heads' Complaint be dismissed under Fed. R. Civ. P. 12(b)(6). The Heads timely filed an Objection to the Report and Recommendation. Doc. 34. For the reasons set forth below, the Report and Recommendation is adopted, the Heads' Objection is overruled, Defendants' Motions to Dismiss are granted, and the Heads' Motion for Discovery is denied.

1

I.  **Factual and Procedural Background**

The Heads' Complaint alleges constitutional and statutory violations stemming from two distinct state-court actions.[1] See Doc. 1 at 5. The first case concerns a construction dispute between Bartmann Construction LLC ("Bartmann") and the Heads. Bartmann Constr., LLC v. Head, No. 49CIV16-3202 (S.D. Cir. Ct. 2016). The Circuit Court, in an order signed by Judge Houwman, ordered that a receiver conduct the sale and transfer of the Heads' real property and distribute the proceeds among the lienholders. Judgment and Order, Bartmann Constr., LLC v. Head, No. 49CIV16-3202 (S.D. Cir. Ct. July 15, 2024). The Heads allege that Bartmann agreed to complete construction on a three-season deck as part of the original bid but failed to complete the work on the house, and that now "the court is taking [their] home to pay Bartman[n] thousands of dollars over his bid." Doc. 1 at 2, 5.

In the second case, Sioux Falls v. Head, No. 49MAG23-3046 (S.D. Cir. Ct. 2023), Bruce Head was charged with delaying, obstructing, or resisting a public officer—a municipal offense under Sioux Falls, S.D., Code of Ordinances § 130.009. City Attorney Schlimgen prosecuted the case, and at the conclusion of the trial, Magistrate Judge Warntjes found Bruce Head guilty of violating § 130.009. Head was fined $54.00 and ordered to pay $78.50 in court costs. The present Complaint alleges that Bruce Head was denied due process when Magistrate Judge Warntjes told him during the trial he would be held in contempt of court if he "mention[ed] any other code other

---

[1] The state-court filings are public records that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This Court takes judicial notice of the existence of the Heads' state-court proceedings but does not take judicial notice of the facts underlying the cases. See McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) ("Judicial notice of another court's opinion takes notice of the existence of the opinion, which is not subject to reasonable dispute over its authenticity, but not of the facts summarized in the opinion." (internal quotations omitted)).

than [§] 130.009, which [he] was charged with" but does not assert any facts concerning Judge Pekas. Doc. 1 at 5. Bruce Head, however, filed a notice of appeal, and Judge Pekas appears to have presided over the appeal, which remained ongoing at the time the Heads brought this federal action. See Order Denying Motion to Dismiss Administrative Appeal, Sioux Falls v. Head, No. 49MAG23-3046 (S.D. Cir. Ct. Sept. 12, 2024).

The Heads allege violations of their due process rights under the Fourteenth Amendment, and violations of 34 U.S.C. § 12601 (criminalizing "pattern or practice of conduct . . . by officials or employees of any governmental agency . . . that deprives persons of rights") and 18 U.S.C. §§ 241, 242, and 1512 (criminal statutes that respectively prohibit government officials from conspiring against an individual's rights, depriving of an individual of rights, and tampering with witnesses). Doc. 1. The Heads want "immunity lifted from" the Defendants, Doc. 1 at 3, and asserts that race may be a reason for the alleged unfair treatment they received in the state-court proceedings, id. at 5. Defendants move to dismiss for failure to state a claim and raise immunity defenses. Docs. 12, 13, 22, 23.

## II. Legal Standard

Courts are to construe pro se complaints liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 915. Importantly, however, this rule of liberal construction does not excuse a pro se plaintiff from alleging enough facts to support the claims. Id. at 914. That is, even though a plaintiff is proceeding pro se, the district court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Id. at 915.

On a motion to dismiss under Rule 12(b)(6), courts must accept a plaintiff's factual allegations as true and construe all inferences in the plaintiff's favor but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are unnecessary, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. Iqbal, 556 U.S. at 678 (alteration in original) (citation and internal marks omitted).

### III. Discussion

A district court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's report and recommendation, a district court judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court "judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

The Heads object to one factual finding and multiple legal conclusions set forth in the Report and Recommendation. Doc. 34. Magistrate Judge Moreno stated the Complaint was unclear and found that "the Heads contracted with Bartmann Construction, LLC to renovate their back porch." Doc. 31 at 3. The Heads object to this finding and assert the contract was for renovations to the home, and that "Bartman[n] tried to use the back porch to blackmail [the Heads] for $20,900." Doc. 34 at 4. This Court will take as true the Heads' allegation that Bartmann was contracted to renovate the home; however, that fact has no bearing on whether the named Defendants are liable to the Heads for their roles in the two state-court cases.

The Heads next object to Magistrate Judge Moreno's conclusion that no private cause of action exists in the three federal statutes cited in their Complaint. See id. at 4. The Heads seek $2.5 million in damages for alleged violations of 34 U.S.C. § 12601 and 18 U.S.C. §§ 241, 242, and 1512. No private right of action exists under 34 U.S.C. § 12601 or 18 U.S.C. §§ 241, 242 and 1512. See 34 U.S.C. § 12601(b) (providing that the Attorney General, not individuals, may bring a civil action under the statute); U.S. v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under [18 U.S.C] § 241 . . . ."); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242."); Klinakis v. Altus Jobs, LLC, No. 6:22-CV-1756-RBD-RMN, 2023 WL 3563599, at *2 (M.D. Fla. Mar. 21, 2023) (noting "the plain language of the statute[], the specific context in which that language is used, and the broader statutory context all point to the conclusion that 18 U.S.C. § 1512 . . . do[es] not create private rights of action"). Instead, the Heads' federal damages remedy lies in 42 U.S.C. § 1983, and this Court construes their Complaint as claiming damages under § 1983.

The Heads next object to the recommendation to grant dismissal based upon immunity. Doc. 34 at 4. Specifically, the Heads argue that Magistrate Judge Wartjes and Judge Houwman acted without jurisdiction by violating 34 U.S.C. § 12601 and 18 U.S.C. §§ 241, 242, and 1512, foreclosing any immunity defense. Id. Judicial immunity means a "judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012). The two circumstances where judicial immunity does not apply are when the alleged actions are "not taken in the judge's judicial capacity" or were "taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11–12 (1991). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity," Schottel, 687 F.3d at 374 (citing Birch v. Mazander, 678 F.2d 754, 756 (8th Cir. 1982)), and immunity applies even if the "action [the judge] took was in error . . . or was in excess of his authority," Mireles, 502 U.S. at 13 (citation omitted).

The Heads do not set forth any facts that might demonstrate either Magistrate Judge Wartjes or Judge Houwman violated the statutes cited. The Heads appear to argue, however, that Magistrate Judge Warntjes acted without jurisdiction during the trial for obstruction when he rejected Bruce Head's attempt to change his plea, see Doc. 34 at 5, and when he told Bruce Head that he would be held in contempt of court if he "mention[ed] any [city] code other than [§] 130.009." Doc. 1 at 5. Under South Dakota law, a judge may "accept or reject [a plea] agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report." SDCL § 23A-7-11. A judge may also punish a person who disobeys an order by finding the person in contempt. See SDCL § 15-20-19 ("If any person, party, or witness disobey an order of the judge or referee duly served, such person, party,

or witness may be punished by the judge as for a contempt."). Magistrate Judge Warntjes acted in his judicial capacity and with jurisdiction in Bruce Head's obstruction case, both when he refused to accept a change of plea and when he informed Bruce Head of the possibility of contempt. Accordingly, judicial immunity applies to each claim against the judges in their individual capacities, and the Heads' objection is overruled.

This Court conducted a de novo review of the remainder of the Heads' claims and finds dismissal is warranted as set forth in the Report and Recommendation, Doc. 31. The Heads' official capacity claims against all judges are barred under the Eleventh Amendment. See Healy v. Sup. Ct. of S.D., No. 24-cv-4118, 2023 WL 8653851, at *8 (D.S.D. Dec. 14, 2023) (recognizing Eleventh Amendment immunity for actions against South Dakota state judges). City Attorney Schlimgen is entitled to prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]nitiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983."). Finally, the Heads have not alleged any constitutional violation resulted from an official custom or policy of the City of Sioux Falls and thus failed to state a claim for liability against the city. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694 (1978).

The Heads move for discovery and contend that police body camera footage and police reports were not turned over in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). Doc. 24. However, an alleged Brady violation does not surmount prosecutorial immunity. See Woodworth v. Hulshof, 891 F.3d 1083, 1089 (8th Cir. 2018) ("Brady violations fall within the scope of prosecutorial immunity."). Because Defendants are entitled to dismissal of each claim, the Heads' Motion for Discovery, Doc. 24, must be denied.

## IV. Conclusion

For the reasons stated above, it is

ORDERED that the Report and Recommendation, Doc. 31, is adopted. It is further

ORDERED that the Heads' Objection to the Report and Recommendation, Doc. 34, is overruled. It is further

ORDERED that Defendants Judge Houwman's, Judge Pekas's, and Magistrate Judge Warntjes's Motion to Dismiss, Doc. 12, is granted. It is further

ORDERED that Defendants City of Sioux Falls's and City Attorney Schlimgen's Motion to Dismiss, Doc. 22, is granted. It is finally

ORDERED that the Heads' Motion for Discovery, Doc. 24, is denied.

DATED this 30th day of May, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE